IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| KENNETH DERHEIM,<br><br>Plaintiff,<br><br>vs.<br><br>TACOMA SCREW PRODUCTS, INC, a Washington Corporation,<br><br>Defendant. | CV 20-167-BLG-KLD<br><br><br>ORDER |

This matter comes before the Court on Defendant Tacoma Screw Products, Inc.'s motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). For the reasons set forth below, Defendant's motion is granted.

**I.      Background**

Plaintiff Kenneth Derheim, who was represented by counsel at the time, filed this action in state court on October 22, 2020. (Doc. 5). Plaintiff alleges that Defendant wrongfully discharged him from his employment in violation of the

Montana Wrongful Discharge Act, Mont. Code Ann. § 39-2-901, et seq. (Doc. 5).

Defendant removed the case to this Court based on diversity jurisdiction in November 2020, and the Court scheduled a preliminary pretrial conference for February 2, 2021. (Docs. 1 & 2). Counsel for both parties participated in the preliminary pretrial conference, and the Court issued a pretrial scheduling order on February 2, 2021. (Doc. 15).

Approximately one month later, Plaintiff's counsel moved to withdraw from the case. (Docs. 16 & 19). On March 3, 2021, the Court entered an order granting Plaintiff's counsel's motion to withdraw. (Doc. 23). The Court directed Plaintiff to advise the Court in writing on before March 24, 2021 whether he had retained another attorney to represent him or whether he would proceed pro se. (Doc. 23). The Court further directed the Clerk of Court to mail a copy of the order to Plaintiff at his last known mailing address, which is the address on record with the Court. (Doc. 23). The Notice of Electronic Filing associated with entry of the order reflects that the Clerk of Court mailed a copy of the order to Plaintiff as directed. (Doc. 23). As of the date of this Order, Plaintiff has not advised the Court as to whether he intends to proceed pro se or with new counsel, and has not requested an extension of time to do so.

On March 30, 2021, Defendant filed the pending motion to dismiss for failure to prosecute. (Doc. 24). Federal Rule of Civil Procedure 41(b) authorizes a

court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with… a court order." Under Local Rule of Procedure 7.1(d)(1)(B), a response to a motion to dismiss must be filed within 21 days after the motion was filed. Plaintiff's response to Defendant's motion to dismiss was thus due on or before April 20, 2021. As of the date of this order, Plaintiff has not responded to Defendant's motion to dismiss or made any other filing in the case.

On May 4, 2021, the Court issued an Order to Show Cause. The Court ordered that on or before May 18, 2021, Plaintiff file a brief showing cause why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or his failure to comply with the Court's order dated March 3, 2021. The Court expressly cautioned Plaintiff that if he failed to comply with the show cause order, his case might be dismissed. (Doc. 26). The Notice of Electronic Filing associated with entry of the order reflects that the Clerk of Court mailed a copy of the order to Plaintiff at the address on record with the Court. (Doc. 26). As of the date of this Order, Plaintiff not responded to the Court's show cause order or taken any other action on behalf of his case.

II.  **Discussion**

Federal Rule of Civil Procedure 41(b) authorizes a court to dismiss an action or claim "[i]f the plaintiff fails to prosecute or to comply with … a court order." In addition, Rule 16(f) authorizes a court, upon motion or sua sponte, to dismiss all or

part of an action "for a party's failure to obey a…pretrial order." See Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b)(2)(A)(v). Pro se litigants like Plaintiff "must follow the same rules of procedure that govern other litigants." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds).

In considering whether to dismiss an action pursuant to Rule 41(b), the court must weigh five favors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). These five "factors are 'not a series of conditions precedent before the judge can do anything,' but are a 'way for a district judge to think about what to do.'" *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).

Here, four of the five factors weigh in favor of dismissal. The first two factors – the public interest in expeditious resolution of litigation and a court's need to manage its docket – relate "to the efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980). As

outlined above, Plaintiff has not notified the Court as to whether he intends to proceed pro se or with new counsel, and has not responded to the Court's show cause order. Plaintiff's failure to comply with the Court's orders or otherwise participate in the pretrial process has delayed resolution of this action and wasted "valuable time that [the Court] could have devoted to other … criminal and civil cases on its docket." *Ferdik*, 963 F.2d at 1261. The first two factors thus weigh in favor of dismissal.

The third factor also weighs in favor of dismissal. Plaintiff has not provided any explanation for failing to participate in the pretrial process or respond to the Court's orders. As a result of this unexplained delay, Defendant faces a heightened risk of prejudice. See *Yourisch v. California* Amplifier, 191 F.3d 983, 991 (9th Cir. 1999) (recognizing that "the risk of prejudice to the defendant is related to the plaintiff's reason for defaulting" and supports dismissal).

The fourth factor concerns the availability of less drastic alternatives. The Court expressly cautioned Plaintiff that if he failed to comply with the show cause order entered on May 4, 2021, his case might be dismissed. (Doc. 26 at 3). The Court has thus satisfied its obligation to warn Plaintiff that failure to obey the Court's order and prosecute his claims might result in dismissal.

The Court has considered less drastic alternatives, but based on the record thus far, there is no reason to expect that Plaintiff will respond more satisfactorily

if given additional opportunities to comply with the Court's orders and participate in the pretrial process. The Court is not required to exhaust all less drastic alternatives prior to dismissal. *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Having considered considered less drastic alternatives, the Court finds that this factor weighs in favor of dismissal. See *Ferdik*, 963 F.2d at 1262 ("[A[ district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic] alternatives' requirement.").

Finally, the fifth factor addressing the public policy favoring disposition of cases on the merits by definition weighs against dismissal. *Pagtalunan,* 291 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal."). This factor is outweighed by the factors discussed above, however, all of which weigh in favor of dismissing this matter based on Plaintiff's failure to comply with this Court's orders and prosecute his claims.

### III. Conclusion

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Dismiss (Doc. 24) is GRANTED and this case is dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the Court's orders.

The Clerk of Court shall mail a copy of this order to Plaintiff at his last

known address, which is the address on record with the Court: 835 Alderson Avenue, Billings, MT 59101.

DATED this 24th day of May, 2021.

_____
Kathleen L. DeSoto
United States Magistrate Judge